**FLORIO, PERRUCCI, STEINHARDT & FADER, LLC**
By:  Christian M. Perrucci, Esquire
60 West Broad Street, Suite 102
Bethlehem, Pennsylvania 18018
(610) 691-7900
cperrucci@fpsflawfirm.com
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IRWIN E. HARRISON, AS EXECUTOR OF THE ESTATE OF BRIAN D. HARRISON, DECEASED** AND **IRWIN E. HARRISON AND ILENE HARRISON, INDIVIDUALLY,** Plaintiffs | **CIVIL ACTION – LAW** |
| v. | **DOCKET NO.** |
| **TRUMP PLAZA HOTEL & CASINO, TRUMP PLAZA ASSOCIATES,** and **ABC CORPORATION I - V** Defendants | |

## CIVIL COMPLAINT

Plaintiffs, Irwin E. Harrison, as Executor of the Estate of Brian D. Harrison and Mr. and Mrs. Irwin E. Harrison, Individually, by and through their attorneys, Florio, Perrucci, Steinhardt & Fader, LLC bring the within Complaint against Defendants and in support thereof state the following:

**I.    PARTIES**

1. Plaintiffs, Irwin E. Harrison, as Executor of the Estate of Brian D. Harrison, deceased (hereinafter "Decedent"), and Irwin E. Harrison and Ilene D. Harrison, Individually (hereinafter "Plaintiffs") reside at 1220 Mearnes Road in Warminster, Pennsylvania 18974.

2. Jason C. Harrison and Mindy T. Harrison are the biological brother and sister of Decedent, Brian D. Harrison, Individually (hereinafter "Plaintiffs") who reside at 1220 Mearnes Road in Warminster, Pennsylvania 18974.

3. Plaintiffs' Decedent, Brian D. Harrison before his death, was an adult individual, residing at 1220 Mearnes Road in Warminster, Pennsylvania 18974.

4. Defendant, Trump Plaza Hotel & Casino (hereinafter "Trump Hotel") is a company licensed to conduct business at 2500 Boardwalk, Atlantic City, New Jersey.

5. Defendant, Trump Plaza Associates (hereinafter "Trump Associates") is a company licensed to conduct business at 2500 Boardwalk, Atlantic City, New Jersey.

6. Defendants, ABC Corporations I - V are companies that at all relevant times herein maintained, controlled, supervised, managed and were responsible for the property and entrusted by Defendants, Trump which is the subject of this accident.

## II.   JURISDICTION AND VENUE

7. This Court has jurisdiction based upon the diversity of citizenship of the parties in requisite amount in controversy in excess of $75,000.00, exclusive of interest and costs pursuant to 28 U.S.C. § 1332.  The negligence and all other liability produced in the acts and omissions referenced to herein occurred at the Trump Hotel in Atlantic City, New Jersey.

8. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391(a) as the events giving rise to this claim occurred within this judicial district and, additionally, since the Defendants are all subject to personal jurisdiction in this judicial district.

### III.     FACTUAL AVERMENTS

9. Plaintiffs incorporate by reference the allegations contained above as though the same were set forth fully herein at length.

10. On or about January 29, 2012, Decedent Brian D. Harrison was a business invitee at the Trump Hotel in Atlantic City, New Jersey.

11. On or about January 30, 2012, decedent was a patron at the Sbarro's Pizza Restaurant at the Trump Hotel.

12. Decedent was seen via video entering the Sbarro's Pizza Restaurant at approximately 2:29 a.m., but was never seen leaving the restaurant.

13. Upon information and belief, after exiting the restroom within the Sbarro's Pizza Restaurant, Decedent observed an exit order located to the immediate left of the restroom.

14. The exit door within the Sbarro's Pizza Restaurant was clearly marked above the door with a bright neon sign which clearly indicated "EXIT".

15. As Decedent entered the Exit door, the door closed behind him and locked and thus trapping him within a valet compartment area.

16. Upon information and belief, as Decedent was trapped in the valet compartment area, he fell several stories down a gaping hole in the floor of the valet compartment area.

17. On January 29, 2012, at approximately 3:12 a.m., Trump Plaza valet worker, Mr. Robert Duenskie, discovered Decedent lying on the ground floor of the valet elevator area covered in blood and "moaning."

18. It was subsequently determined that the Exit door's alarm system was not activated when Decedent opened it on January 29, 2012.

### COUNT I - NEGLIGENCE

### ALL PLAINTIFFS V. DEFENDANTS, TRUMP PLAZA HOTEL & CASINO, TRUMP PLAZA ASSOCIATES, INC.

19. Plaintiffs incorporate by reference the allegations contained above as though the same were set forth fully herein at length.

20. At all times relevant hereto, Defendants maintained, controlled, supervised, managed and were responsible for the maintenance of their hotel and casino and the property upon which Decedent was seriously injured and subsequently died as a result of those injuries.

21. At all times relevant hereto, Defendants acted jointly and severally and by and through their agents, servants, workmen, and employees who were acting within the course and scope of their agency, service and employment with Defendants and in furtherance of Defendants' business.

22. At all times relevant hereto, Defendants were under a duty to maintain in safe condition their premises, including the area where Decedent had fallen to his eventual death.

23. At all times relevant hereto, Defendants were under a duty to inspect the area where Decedent fell.

24. At all times relevant hereto, Defendants were under a duty to ensure that Decedent did not have access to part of their hotel and casino that was unsafe and dangerous to their patrons such as Decedent.

25. Defendants were negligent in failing to maintain their premises in a safe condition, including but not limited to the proper maintenance of the valet elevator area.

26. Defendants owed a duty to business invitees such as Decedent to provide a safe condition of their premises.

27. Defendants negligently allowed areas accessible to their business invitees to become unsafe.

28. As a direct and proximate result of the unsuitable maintenance and defective condition of the valet elevator area, decedent fell and suffered severe bodily injuries, causing pain and suffering, and untimely death.

29. Decedents' injuries are a direct and proximate result of Defendants' negligence and carelessness, including:

    a. failing to properly maintain their premises;
    b. failing to inspect the premises;
    c. failing to provide sufficient warning to Decedent and other business invitees of the dangerous and defective condition;
    d. failing to train employees properly;
    e. failing to correct a dangerous condition;
    f. failing to install proper safety devices; and
    g. failing to exercise proper care for the safety of Decedent and others lawfully on the premises.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against Defendants individually, and jointly and severally, for damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) together with interest, costs of suit, attorney's fees and any other relief as the court may deem appropriate.

### COUNT II – NEGLIGENCE

### ALL PLAINTIFFS V. DEFENDANTS, ABC CORPORATION I – V

30. Plaintiffs incorporate by reference the allegations contained above as though the same were set forth fully herein at length.

31. At all times relevant hereto, Defendants, ABC Corporation I - V maintained, controlled, supervised, managed and were responsible for the maintenance of their hotel and casino

5

and the property upon which Decedent was seriously injured and subsequently died as a result of those injuries.

32. At all times relevant hereto, Defendants, ABC Corporation I - V acted jointly and severally and by and through their agents, servants, workmen, employees who were acting within the course and scope of their agency, service and employment with Defendants an in furtherance of Defendants, ABC Corporation I - V businesses.

33. At all times relevant hereto, Defendants, ABC Corporation I - V were under a duty to maintain in safe condition their premises, including the area where the Decedent had fallen to his eventual death.

34. At all times relevant hereto, Defendants, ABC Corporation I - V were under a duty to inspect the area where Decedent fell.

35. At all times relevant hereto, Defendants, ABC Corporation I - V were under a duty to ensure that Decedent did not have access to part of their hotel and casino that was unsafe and dangerous to their patrons such as Decedent.

36. Defendants, ABC Corporation I - V were negligent in failing to maintain their premises in a safe condition, including but not limited to the proper maintenance of the valet elevator area.

37. Defendants, ABC Corporation I - V owed a duty to business invitees such as Decedent to provide a safe condition of their premises.

38. Defendants, ABC Corporation I - V negligently allowed areas accessible to their business invitees to become unsafe.

39. As a direct and proximate result of the unsuitable maintenance and defective condition of the valet elevator area, Decedent fell and suffered severe bodily injuries, causing pain and suffering, and untimely death.

40. Decedent's injuries are a direct and proximate result of Defendants, ABC Corporation I - V negligence and carelessness, including:

    a. failing to properly maintain their premises;
    b. failing to inspect the premises;
    c. failing to provide sufficient warning to Decedent and other business invitees of the dangerous and defective condition;
    d. failing to train employees properly;
    e. failing to correct a dangerous condition;
    f. failing to install proper safety devices; and
    g. failing to exercise proper care for the safety of Decedent and others lawfully on the premises.

**WHEREFORE**, Plaintiffs demands judgment in their favor and against Defendants, ABC Corporation I - V individually, and jointly and severally, for damages in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with interest, costs of suit, attorney's fees and any other relief as the court may deem appropriate.

## COUNT III – WRONGFUL DEATH

## ALL PLAINTIFFS V. ALL DEFENDANTS

41. Plaintiffs incorporate by reference the allegations contained above as though the same were set forth fully herein at length.

42. Plaintiff, Irwin E. Harrison is the Executor of the Estate of Brian D. Harrison, having been appointed as personal representative by the Registrar of Wills of the County of Bucks, in the Commonwealth of Pennsylvania.

43. As a direct and proximate result of the negligent and careless acts and omissions of the Defendants, which are described more fully herein, Plaintiffs' Decedent, Brian D. Harrison, was caused to die.

44. This civil action is brought pursuant to the State of New Jersey's Wrongful Death Act.

45. Plaintiffs' Decedent did not bring any other action during his lifetime and no other action for the death of said Decedent has been commenced against Defendants herein.

46. Plaintiffs' Decedent was survived by the following statutory beneficiaries:

    Name:

    a. Irwin E. Harrison – Father of Decedent - 1220 Mearnes Road in Warminster, Pennsylvania 18974;

    b. Ilene D. Harrison – Mother of Decedent - 1220 Mearnes Road in Warminster, Pennsylvania 18974;

    c. Jason C. Harrison – Brother of Decedent – 1220 Mearnes Road in Warminster, Pennsylvania 18974; and

    d. Mindy T. Harrison – Sister of Decedent - 1220 Mearnes Road in Warminster, Pennsylvania 18974.

47. This civil action is brought to recover, on behalf of the said statutory beneficiaries, all damages legally available.

    **WHEREFORE**, Plaintiffs demand judgment against all Defendants, jointly and severally, which will fairly compensate them in accordance with the laws of New Jersey, together with the interests, costs, attorney's fees and any other relief this Court deems appropriate.

## COUNT IV – SURVIVAL ACTION

## ALL PLAINTIFFS V. ALL DEFENDANTS

48. Plaintiffs incorporate by reference the allegations contained above as though the same were set forth fully herein at length.

49. In his capacity as personal representative of the Estate, Plaintiff, Irwin E. Harrison, brings this civil action pursuant to the State of New Jersey's civil action. This action is brought to recover on behalf of the Estate of Brian D. Harrison, all damages legally available.

50. As a direct and proximate result of the negligent conduct and/or omissions of the Defendants, jointly and severally, as set forth more fully at length herein, Plaintiffs' Decedent suffered grievous personal injuries, and severe physical and emotional pain.

51. Plaintiffs' Decedent was deprived of medically significant chance of survival and ultimately died.

52. As a direct and proximate result of the negligent conduct and/or omissions of the Defendants, jointly and severally, as set forth more fully at length herein, Plaintiffs' Decedent, Brian D. Harrison underwent physical pain and suffering prior to and during the time of his death.

53. Plaintiffs' claims on behalf of the Estate of Brian D. Harrison for all available damages legally resulting from the Decedent's suffering and death.

**WHEREFORE**, Plaintiffs demand judgment against all Defendants, jointly and severally, which will fairly compensate them in accordance with the laws of New Jersey, together with the interests, costs, attorney's fees and any other relief this Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted,

**FLORIO, PERRUCCI, STEINHARDT & FADER, LLC**

Dated: October 22, 2012

By___/s/ Christian M. Perrucci_

Christian M. Perrucci, Esq.
Attorney ID # (CMP/4923)
60 West Broad Street, Suite 102
Bethlehem, PA 18018

## VERIFICATION

I, Christian M. Perrucci, deposes and says that I am duly authorized to make this Verification and that the facts set forth in the foregoing Amended Complaint are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties relating to unsworn falsification to authorities.

Dated: October 22, 2012                    By: /s/ Christian M. Perrucci