NOT FOR PUBLICATION                                      (Document Nos. 21, 27)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| IRWIN E. HARRISON, and<br>ILENE HARRISON<br><br>                    Plaintiffs,<br><br>    v.<br><br>TRUMP PLAZA HOTEL & CASIONO,<br>and TRUMP PLAZA ASSOCIATES, and<br>FIREWATERS, and ADAM GOOD, LLC,<br>and HOOT OWL RESTAURANTS, LLC,<br>et al.<br><br>                    Defendants. | Civil No. 12-6683 (RBK/KMW)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

Currently before the Court is Plaintiffs' motion for default judgment under Federal Rule of Civil Procedure 55 against Defendant Adam Good, LLC and Defendant Firewaters (Doc. No. 21). In addition, these Defendants have filed a motion for an extension of time to answer, move, or otherwise reply to Plaintiff's Amended Complaint (Doc. No. 27). For the reasons expressed herein, the Court will grant Defendants' motion and order that they file a response to Plaintiffs'

Amended Complaint by May 8, 2013.  The Court will consequently deny Plaintiffs' motion for default judgment.

This matter arises upon allegations of fatal injuries suffered by Brian D. Harrison when, after consuming numerous alcoholic beverages at various Defendants' bar and restaurant establishments, he fell through a "gaping hole in the floor of the valet compartment area" at the Trump Hotel in Atlantic City, New Jersey.  Am. Compl. ¶¶ 20, 25.  The Amended Complaint's five causes of actions include claims sounding in negligence, wrongful death, and a survival action.  In addition, the Amended Complaint alleges that certain Defendants violated New Jersey's Licensed Alcoholic Beverage Server Fair Liability Act, N.J.S.A. 2A:22A-1 *et seq*.

Plaintiffs served Defendants Adam Good and Firewaters with a summons and Complaint on March 7, 2013.  (Doc. Nos. 17-18).  On April 17, 2013, Plaintiffs, after receiving no responsive pleading from either of these Defendants, sought an entry of default under Federal Rule of Civil Procedure 55(a) and moved for default judgment under Rule 55(b) (Doc. No. 21).  On that same day, counsel entered an appearance on behalf of Defendants Adam Good and Firewaters (Doc. Nos. 23-25).  The next day, these Defendants moved for an extension of time to answer, move, or otherwise reply to the Amended Complaint (Doc. No. 27).  In support of their motion, Defendants explain that "due to clerical error and administrative confound by Defendant regarding corporate entities and retention of counsel, a responsive pleading was not timely filed."  Decl. of Melissa J. Brown ¶ 8 (Doc. No. 27).  The Court will first consider Defendants' motion.

Under Federal Rule of Civil Procedure 6(b)(1)(B), if the time to file a responsive pleading to a plaintiff's complaint has expired, the responding party may file a motion for an extension of time.  The Court may grant this motion for good cause, but only after finding that the party's failure to file a timely response was due to "excusable neglect."  Fed. R. Civ. P.

6(b)(1)(B); *Drippe v. Tobelinski*, 604 F.3d 778, 785 (3d Cir. 2010). A finding of excusable neglect is at bottom an equitable determination, taking into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). Such factors include the danger of prejudice to the opposing party, the length of the delay in responding and its potential impact on judicial proceedings, "the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

In this case, Defendants were served with a summons and complaint on March 7, 2013, and thus were obliged to file a responsive pleading within twenty-one days. *See* Fed. R. Civ. P. 12(a). Thus, their current motion was filed approximately three weeks after that deadline. While this is not an insignificant length of time, the Court finds that the delay will have little impact on the judicial proceedings, given that there are multiple Defendants in this case who did timely file responses to Plaintiff's Amended Complaint; thus, the civil action as a whole has proceeded meaningfully in Defendants Firewaters' and Adam Good's absence. For similar reasons, the Court does not conclude that granting Defendants' motion would prejudice Plaintiffs in this ongoing litigation. Finally, while the explanation for the delay, "clerical error and administrative confound," is opaque and not particularly compelling, the Court notes that Defendants filed their motion for extension of time immediately after counsel entered an appearance on their behalf. Thus, it appears that Defendants are acting in good faith, even if their inability to retain counsel within the original twenty-one day time period remains largely unexplained. For these reasons, the Court finds that Defendants' failure to timely respond to Plaintiffs' Amended Complaint was due to excusable neglect, and thus it will grant Defendants' motion under Rule 6(b)(1)(B). In

granting Defendants' motion, it will also deny Plaintiff's motion for default judgment.[1] An appropriate order shall issue today.


Dated:   4/23/13                                                         /s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge

---

[1] The Court notes that in order to obtain a default judgment under Rule 55(b), Plaintiffs were first obliged to have the Clerk of Court enter a default against the unresponsive Defendants under Rule 55(a). *See Husain v. Casino Control Comm'n*, 265 Fed. App'x 130, 133 (3d Cir. Feb. 20, 2008). While Plaintiffs did include the request for entry of default with their motion, the Clerk has not actually entered default. As a result, the Court must deny Plaintiffs' motion.