NOT FOR PUBLICATION (Doc. No. 97)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| ESTATE OF HARRISON, et al., | : | |
| Plaintiffs, | : | Civil No. 12-6683 (RBK/KMW) |
| v. | : | **OPINION** |
| TRUMP PLAZA HOTEL & CASINO, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs' Motion for Reconsideration, (Doc. No. 97), of this Court's January 8, 2015, Order and Opinion, (Doc. Nos. 93, 94), in which the Court granted Defendants Craig F. Dothe Architect, LLC's ("Dothe") and Ancor, Inc.'s ("Ancor") Motions to Dismiss.  For the reasons stated herein, Plaintiffs' Motion for Reconsideration will be denied.

I.   BACKGROUND AND PROCEDURAL HISTORY

On July 28, 2014, Dothe filed a Motion to Dismiss Plaintiffs' TAC pursuant to Fed. R. Civ. P. 12(b)(6), arguing it was barred by the statute of limitations, (Doc. No. 74), and on August 12, 2014, Ancor also moved to dismiss Plaintiffs' TAC on the same grounds, relying on Dothe's brief in support of its Motion to Dismiss.  (See Doc. No. 76.)  The Court issued an Opinion and Order on January 8, 2015, granting Dothe's and Ancor's Motions to Dismiss on the basis that Plaintiffs' failure to comply with the specificity requirement of the fictitious party rule

1

effectively barred their claims pursuant to the relevant statute of limitations and New Jersey law. (Doc. Nos. 93, 94.)

Plaintiffs filed the present Motion for Reconsideration on January 23, 2015, (Doc. No. 97), arguing that the discovery rule tolled the applicable statute of limitations, and that the Court should have allowed the claims against Dothe and Ancor to proceed. (Doc. No. 98). Dothe and Ancor filed a brief in opposition to Plaintiffs' Motion for Reconsideration on January 30, 2015. (Doc. No. 99.)  Because the parties have fully briefed this Motion, the Court will proceed to a discussion of its merits.

## II. LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review. Dunn v. Reed Group, Inc., Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.")  A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly.'" Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co., Civ. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to

correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).  Reconsideration is not appropriate, however, where the motion only raises a party's disagreement with the Court's initial decision.  Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]"); Schiano v. MBNA Corp., Civ. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process") (citations omitted).

### III. DISCUSSION

In their Motion for Reconsideration Plaintiffs ask that the Court reconsider its decision to grant Dothe's and Ancor's Motions to Dismiss.  However, Plaintiffs ignore both the legal standard governing motions for reconsideration and the basis of the Court's prior ruling.  They do not suggest that there has been an intervening change in the controlling law or that there is any new, previously unavailable evidence.  Nor do Plaintiffs argue that the Court committed a clear error of law or fact or that reconsideration is necessary to prevent manifest injustice.  Max's Seafood Café, 176 F.3d at 677.  Instead, Plaintiffs raise new arguments not raised in their briefs submitted prior to the initial judgment.  See Red Roof Franchising v. AA Hospitality Northshore, 937 F. Supp. 2d 537, 543 (D.N.J. 2013) (stating that a motion for reconsideration is not "an opportunity for a litigant to raise new arguments or present evidence that could have been raised prior to the initial judgment"); see also Polizzi Meats, Inc. v. Aetna Life & Casualty Co., 931 F. Supp. 328, 339 (D.N.J. 1996) (stating that Local Civil Rule 7.1 "explicitly invites counsel to

3

draw the court's attention to decisions which may have been overlooked by the court, not those which were overlooked by counsel").

In its prior Opinion, the Court found that Plaintiffs had invoked the fictitious party rule[1] when they attempted to add Dothe and Ancor, and accordingly the general relation back rule did not apply under New Jersey Law.[2]  (Doc. No. 93 at 7.)  Because Plaintiffs failed to meet the specificity required by the fictitious party rule, the Court was not required to address Plaintiffs' diligence in ascertaining the identities of Dothe or Ancor.[3]  On that basis, the Court dismissed the claims against Dothe and Ancor.

Plaintiffs do not argue that the Court committed any error in its application of the fictitious party rule, and instead present new arguments in their Motion for Reconsideration that are found nowhere in their opposition to Dothe's and Ancor's Motions to Dismiss.[4]  However, Plaintiffs cannot circumvent the appeal process by raising an argument in their Motion for Reconsideration that they did not raise prior to the Court's original decision.  See BAPU Corp. v. Choice Hotels Int'l, Inc., Civ. No. 07-5938, 2010 WL 3259799, at *1 (D.N.J. Aug. 17, 2010) ("this court cannot consider . . . [an] argument . . . raised for the first time in [a] motion for

---

[1] The New Jersey fictitious party rule provides that "if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification. Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name . . ." N.J. Stat. § 4:26-4.

[2] See Alcius v. City of Trenton, No. 13-716, 2014 WL 4663204, at *2 n.3 (D.N.J. Sept. 18, 2014) ("Plaintiff's original Complaint against fictitious John/Jane Does establishes a need for a later amendment. Thus, the fictitious party rule, not N.J.R. 4:9-3, is the applicable rule under which the amendment should be analyzed.")

[3] See Andreoli v. State Insulation Corp., No. A-2636-10T4, 2011 WL 4577646 (N.J. Super. Ct. App. Div. Oct. 5, 2011) (stating that "although not expressly stated in the Rule, it is well-settled that the Rule is unavailable to a party that does not act diligently in identifying the defendant").

[4] Plaintiffs' entire Motion for Reconsideration is premised on their argument that, because they complied with the requirements of the discovery rule and did not know they had a claim against Dothe or Ancor until after the statute of limitations had run, the discovery rule should have tolled the statute of limitations under the circumstances. While this argument may have merit, it was never raised below and the Court may not entertain it for the first time on a motion for reconsideration.  Joyce v. Sea Isle City, Civ. No. 04-5345, 2008 WL 2875456, at *2 (D.N.J. July 23, 2008).

reconsideration"); see also Feit v. Great-West Life and Annuity Ins. Co., 460 F. Supp. 2d 632, 644 (D.N.J. 2006), aff'd, 271 Fed. App'x 246 (3d Cir. 2008) (finding that cases and legal theory were not overlooked when not referenced in moving party's brief); Galletta v. Velez, Civ. No. 13-532, 2014 WL 631891, at *2 (D.N.J. Feb. 18, 2014) ("a motion for reconsideration is not a vehicle for a party to raise arguments that were effectively waived by being omitted from that party's original briefs") (quoting A & L Indus., Inc. v. P. Cipollini, Inc., Civ. No. 12–7598, 2013 WL 6145766, at *1 (D.N.J. Nov. 21, 2013)).  Accordingly, these new arguments cannot serve as the basis for the Court's reconsideration of its prior Opinion and Order.  See Cafaro v. HMC Int'l, LLC, Civ. No. 07-2793, 2009 WL 2382247, at *1 (D.N.J. July 30, 2009) (where a case is not presented to court in moving papers, it is not overlooked by court).  Because Plaintiffs fail to address any of the three grounds for reconsideration, the Court will deny their Motion.

## IV.   CONCLUSION

For the reasons stated above, Plaintiff's Motion for Reconsideration will be **DENIED**. An appropriate Order shall issue today.


Dated:   6/16/2015               s/ Robert B. Kugler
                                 ROBERT B. KUGLER
                                 United States District Judge