NOT FOR PUBLICATION                                    (Doc. No. 146)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                              :
ESTATE OF HARRISON, et. al.,                  :
                                              :
            Plaintiffs,                       :        Civil No. 12-6683 (RBK/KMW)
                                              :
      v.                                      :
                                              :        **OPINION**
TRUMP PLAZA HOTEL & CASINO, et al.,           :
                                              :
            Defendants.                       :
_____      :

**KUGLER**, United States District Judge:

      This matter comes before the Court on Defendant Café Sbarro Atlantic City LLC's

("Defendant Sbarro") Motion for Reconsideration of this Court's Order dismissing Defendant

Sbarro's Motion for Summary Judgment as untimely.  (Doc. No. 146.)  For the foregoing

reasons, Defendant Sbarro's Motion is denied.

## I.      BACKGROUND

      The parties to this action have been litigating for nearly three years.  The most recent

Amended Scheduling Order, entered on June 30, 2015, established that dispositive motions were

to be filed no later than July 24, 2015.  (Doc. No. 128.)  It also instructed the parties that "[a]ny

application for an extension of time beyond the deadlines set herein shall be made in writing to

the undersigned and served upon all counsel prior to expiration of the period sought to be

extended" and that the deadlines would not be extended "unless good cause is shown."  (Id.)

Finally, the Order warned that failing to adhere to the Order may result in Rule 16(f) sanctions.

(Id.)

1

Defendant Sbarro is the only party who failed to meet the dispositive motion deadline. On July 23, 2015, Defendants Hoot Owl Restaurants, L.L.C. and Adam Good, L.L.C. d/b/a Firewaters filed their Motion for Summary Judgment, and Plaintiff filed the next day.  Defendant Sbarro did not file its Motion for Summary Judgment until August 19, 2015, twenty-six days after the filing deadline.  (Doc. No. 134.)  It did not request leave to file after the July 24 deadline.

On August 27, 2015, Defendant Sbarro's Counsel sent a letter to this Court explaining that she "was not aware of the filing date in the Scheduling Order and did not make an application for extension or other relief before preparing the motion." (Doc. No. 139.)[1]  The Court found this explanation did not constitute "good cause" and dismissed Plaintiff's Motion for Summary Judgment on September 3, 2015 as untimely.  (Doc. No. 143.)  The Court granted Defendant Sbarro an extension to file the instant Motion for Reconsideration, which it filed on September 17, 2015.  (Doc. No. 146.)

Defendant Sbarro asks the Court to reconsider its September 3, 2015 Order dismissing Sbarro's untimely filed Motion for Summary Judgment.  In support of its motion, it offers additional facts it wishes the Court to consider, namely the delay in scheduling depositions for material witnesses and obtaining transcripts for those depositions.  (Pl.'s Letter Br. 2, Doc. 146-1.)  According to Defendant Sbarro, five expert witnesses were deposed through July 15, 2015 even though the discovery deadline was July 30, 2015 because the parties agreed to extend the deadline.  (Cert. of Brian C. Harris ¶ 8–9.)  Defendant Sbarro inferred from this extended deadline that the parties agreed to also extend the dispositive motion deadline.  Defendant has

---

[1] Defendant Sbarro's letter was prompted by a footnote in a letter from Plaintiff asking for an extension of time to respond to Defendant Sbarro's Motion.  (See Pl.'s Letter, Doc. No. 137.)

also shown that it was unable to obtain transcripts of those depositions until August 18th. (<u>Id.</u> ¶ 10–11.)  Those transcripts, it asserts, were material to the arguments it intended making in its motion for summary judgment. (<u>Id.</u>)  Thus, because of the delay in obtaining these transcripts and Plaintiff's mistaken assumption that the parties had extended the filing deadline, Plaintiff asks this Court to reverse its prior decision.

## II.   LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  <u>Church & Dwight Co. v. Abbott Labs.</u>, 545 F. Supp. 2d 447, 449 (D.N.J. 2008).  That rule "permits a party to seek reconsideration by the Court of matters 'which it believes the Court has overlooked' when it ruled."  <u>N.L. Indus., Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule).  In order to prevail on a motion for reconsideration, the moving party must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent injustice."  <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).  "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly."  <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986)).

## III.   DISCUSSION

Federal Rule of Civil Procedure 16 governs pretrial management and scheduling orders.  Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "[S]cheduling orders are at the heart of case

management.  If they can be disregarded without a specific showing of good cause, their utility will be severely impaired."  Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986).

Defendant Sbarro has not shown this Court good cause to disregard its enforcement of the scheduling order.  That Sbarro was unaware of the deadline or believed  extended because of the delayed depositions[2] is insufficient.  The Amended Scheduling Order established an unambiguous deadline and explicitly stated that it could be amended only by an order of this Court.  Why Defendant inferred an agreed-upon extension is unclear, particularly when the other parties to the litigation timely filed their dispositive motions.

Moreover, the delay in obtaining the deposition transcripts is also not a sufficient basis to disregard the scheduling order.  With depositions scheduled through July 15, Sbarro could easily foresee that it may have difficulty meeting the July 24, 2015 deadline.[3]  It therefore had every opportunity to seek an extension and yet failed to do so.

Thus, although the Court does not detect any improper motive in Defendant Sbarro's untimely filing, it sees no reason to consider a motion filed in disregard of a clear and unambiguous deadline.  This Court's scheduling orders are integral to the management of its docket, and disregarding them because of inferred extensions or inadvertent mistakes undermines their utility.  Accordingly, the Court denies Defendant Sbarro's Motion for Reconsideration.

---

[2] In its initial correspondence with this Court, Plaintiff stated that it was unaware of the deadline.  (Doc. No. 139.)  However, in its Motion for Reconsideration, Plaintiff states that it thought the deadline was extended due to the parties' mutual extension of discovery.

[3] Thus, even when construing the instant motion as one to modify the scheduling order, Defendant Sbarro's proffered reasons fail to satisfy the "good cause" standard.  See Fed. R. Civ. P. 16(b)(4). The existence of "good cause" depends "primarily on the diligence, or lack thereof, of the moving party." Siebel v. Work At Home Vintage Employees, LLC, Civ. No. 12–1199, 2013 WL 6094558, at *3 (Nov. 18, 2013).  "In assessing diligence, courts ask whether the movant possessed, or through the exercise of reasonable diligence should have possessed, the knowledge necessary to file the motion . . . before the deadline expired."  Abdallah v. JetBlue Airways Corp., Civ. No. 14–1050, 2015 WL 3618326, at *3 (D.N.J. June 9, 2015).

## IV.     CONCLUSION

For the foregoing reasons, Defendant Sbarro's Motion is **DENIED**.


Dated: 11/10/2015                                    s/Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge

5