NOT FOR PUBLICATION  (Doc. No. 161)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |
|---|---|
| ESTATE OF HARRISON, et al., : | |
| : | |
| Plaintiffs, : | Civil No. 12-6683 (RBK/KMW) |
| : | |
| v. : | **OPINION** |
| : | |
| TRUMP PLAZA HOTEL & CASINO, : et al., : | |
| : | |
| Defendants. : | |

**KUGLER**, United States District Judge:

This matter comes before the Court on Plaintiffs Irwin Harrison (as executor of Brian Harrison's estate) and Irwin and Ilene Harrison's (collectively "Plaintiffs") motion for allocation of settlement proceeds (Doc. No. 161). For the following reasons, Plaintiffs' motion is **GRANTED**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The Court will not recite the facts of this case here, as they have been laid out in some detail in this Court's previous opinion addressing the parties' respective motions for summary judgment. *See* Jan. 28, 2016 Opinion at 2-4 (Doc. No. 151).

The parties remaining after this Court's summary judgment rulings advised the Court that the case had been fully resolved on June 14, 2016. *See* June 14, 2016 Perucci Letter (Doc. No. 159). The Court dismissed the case without costs and without prejudice on June 16, 2016. *See*

June 16, 2016 Order (Doc. No. 160). Plaintiffs filed in instant motion for allocation of settlement proceeds on July 12, 2016. Pls.' Mot. for Allocation (Doc. No. 161).

## II. DISCUSSION

Plaintiffs request that their net settlement proceeds be allocated between their Wrongful Death Act claims (N.J. Stat. Ann. § 2A:31-1 *et seq.*) and their Survival Act claims (N.J. Stat. Ann. § 2A:15-3). Pls.' Br. at 4 (Doc. No. 161-3). Plaintiffs ask that funeral expenses be allotted to their survival claims, with the remainder of their net proceeds allotted to their wrongful death claims. Pls.' Br. at 2.

As an initial matter, the Court notes that the instant motion was filed almost a month after the case was dismissed and closed. Since Plaintiffs filed this motion within 60 days of the order of dismissal, the Court construes the motion for allocation of settlement proceeds to include a motion to reopen the case for the purpose of considering the motion.

Plaintiffs' counsel certifies that he accumulated $131,900.90 in attorney's fees and incurred $104,297.30 in expenses while preparing this case. Perucci Cert. ¶ 7 (Doc. No. 161-1). After fees and expenses, the net sum available for distribution to the Plaintiffs from the $500,000 settlement is $263,801.80. *Id.* Counsel also avers that Plaintiffs' funeral expenses are $11,505. *Id.* ¶ 9. Therefore, Plaintiffs request that $11,505 of their settlement proceeds be allocated to their survival claims and the remaining $252,296.80 be allocated to their wrongful death claims.

The Wrongful Death Act allows a decedent's beneficiaries to recover damages for pecuniary losses suffered due to the death. N.J. Stat. Ann. § 2A:31-1. Damages recoverable under the Wrongful Death Act include losses due to "lost support, services, assistance, care, and guidance." *Estate of McMahon v. Turner Corp.*, No. 05-4389, 2007 WL 2688557, at *4 (D.N.J.

Sep. 7, 2007). Plaintiffs' expert concluded that Plaintiffs' economic loss resulting from their son's death was $570,517. Perucci Cert. ¶ 8.

The Survival Act permits executors or administrators to "recover all reasonable funeral and burial expenses in addition to damages accrued during the lifetime of the deceased" in actions based in tort. N.J. Stat. Ann. § 2A:15-3. Plaintiffs suggest that, due to the decedent's medical insurance and the circumstances of his death, funeral expenses are the sole damages best allocated to the survival claims. Pls.' Br. at 3.

Decedent incurred no medical expenses due to his insurance and there is a question as to the pain and suffering he experienced. Conversely, Plaintiffs' expert concluded that the beneficiaries suffered a considerable loss of support, services, assistance, guidance, and care due to their son's death. Therefore, the Court approves Plaintiffs' proposed allocation of the settlement proceeds between the wrongful death and survival actions.

As a final matter, the Court notes that the Wrongful Death Act sets out factors for the Court to consider when apportioning recovery among the decedent's beneficiaries to ensure an equitable apportionment. *See* N.J. Stat. Ann. § 2A:31-4. Plaintiffs do not propose an equitable distribution between Irwin and Ilene Harrison. Therefore, the Court allocates the $252,296.80 allocated to Plaintiffs' wrongful death claims equally between Irwin and Ilene Harrison.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for allocation of settlement proceeds is **GRANTED**. An appropriate order shall issue.

Dated: 1/4/2017

s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge